> Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington
> **April 13, 2022**
> RAVI SUBRAMANIAN, Clerk
> By _Stefanie Mather_ Deputy

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | NO. CR22-049 RSM |
| v. | **INDICTMENT** |
| AVANISH KUMAR JHA, and RAJNISH KUMAR JHA, Defendants. | |

The Grand Jury charges that:

## COUNT 1
## (Conspiracy)

1. Beginning at a time unknown, but by no later than in or about August 2019, and continuing until at least in or about November 2021, at King County, in the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, knowingly and willfully conspired and agreed with each other, and others known and unknown to the Grand Jury, to:

    a. Commit the following offenses against the United States:

        1. Introducing, and delivering for introduction, adulterated and misbranded drugs within the meaning of Title 21, United States Code, Section 351 and 352, into interstate commerce with the intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2);Selling, and holding for sale,

Indictment - 1
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

counterfeit drugs within the meaning of Title 21, United States Code, Section 321(g)(2), with the intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(i)(3) and 333(a)(2);

    2. Wholesaling prescription drugs without a required license, in violation of Title 21, United States Code, Section 331(t);

    3. Fraudulently and knowingly importing, and causing to be imported, merchandise into the United States contrary to law in violation of Title 18, United States Code, Section 545; and

    4. Intentionally trafficking and attempting to traffic in counterfeit goods, namely counterfeit versions of prescription drugs, in violation of Title 18, United States Code, Section 2320.

    b. Defraud the United States and one if its agencies, specifically the Food and Drug Administration by impeding, obstructing, and defeating the lawful functions of the FDA to: (i) prevent the sale and distribution of drugs not approved for sale and distribution in the United States; (ii) regulate the interstate sale and distribution of drugs in the United States; and, (iii) safeguard the health and safety of consumers who purchase drugs in the United States, in that the members of the conspiracy, by mutual agreement and with the intent to defraud and mislead, would and did cause the importation, labeling, and repackaging of certain drugs; cause the misbranding and counterfeiting of certain drugs; and sell certain misbranded, adulterated, counterfeited, and unapproved new drugs, in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

2. The object of the conspiracy was to obtain money and other things of value by selling and distributing to customers in the United States and in other countries unapproved, misbranded, adulterated, and counterfeit prescription drugs, and to evade United States laws and regulations regarding the manufacture, distribution, labeling, and sale of prescription drugs.

Indictment - 2
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## MANNER AND MEANS

It was part of the conspiracy that:

3. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA offered for sale, through one or more online marketplaces and internet websites, commercial wholesale quantities of various prescription drugs and products they purported were prescription drugs. The offerings were frequently accompanied by graphic displays purporting to depict the drug together with a narrative description of the drug.

4. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA shipped misbranded, adulterated, and counterfeit prescription drugs and unapproved new drugs from India to the United States and elsewhere. The Defendants lacked any authorization or license from the brand holders to manufacture, sell, or traffic in any of the marketed drug products.

5. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA offered for sale, and sold, misbranded prescription drugs because the product labeling was false or misleading in any particular, and/or the labeling of the drugs lacked adequate directions for their intended use. Specific instances of transactions involving misbranded products and packaging are described in Counts 2 through 13, alleged below.

6. In some cases, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA offered for sale, sold, and shipped drugs that did not contain the active ingredients they were purported and labeled to contain, and which would have been necessary to the particular drug they were purported to be to have the represented therapeutic function. Specific instances of transactions involving purported drugs that lacked the active ingredients are described in Counts 14 through 16, alleged below.

7. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA sold and shipped counterfeit drugs, and in some cases used packaging bearing counterfeit labels. Counterfeit features of the packaging included false and fictitious combinations of letters and numbers, otherwise referred to as "lot numbers." Manufacturers rely upon

Indictment - 3
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

legitimate lot numbers to source particular products to ensure quality control and protect consumers. In other instances, Defendants secured or devised, and used, counterfeit packaging, often displaying otherwise legitimate lot numbers and expiration dates, without the manufacturer's authorization, in an effort to confuse and mislead purchasers and users into believing the drug products were authentic and legitimate. Specific instances of transactions involving counterfeit products and packaging are described in Counts 17 through 25, alleged below.

8. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA sourced their inventory of illegitimate prescription drug products in part by accessing drug products manufactured for non-United States markets, and in some cases diverting drug products intended for specially designated programs targeting disadvantaged medical populations that would not otherwise have access to these drugs.

9. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA negotiated with potential purchasers using electronic communication services, including email and SMS messaging. Prescription drugs purchased by third party customers through orders placed with Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA were shipped using international package delivery services, including Express Mail Service.

10. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA accepted various forms of payment in exchange for shipping the prescription drugs, including wire transfers and direct money exchanges. In some cases, Defendants secured the services of a money exchange operation to facilitate the direct transfer of United States dollars from customers to intermediaries located within the United States. Cash payments made to the intermediaries were credited to Defendants' accounts in the immediate short-term allowing Defendants to receive payment without direct buyer-seller contact and facilitate concealment of the underlying transactions.

11. Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA packaged drug orders in a manner to avoid detection by international customs and other

Indictment - 4
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

regulatory or inspection authorities by falsely identifying package contents and/or concealing the commercial nature of the transaction. In addition, customer orders were shipped in multiple packages to reduce the size of any one package and thereby further the false pretense that package contents were intended for personal, and not commercial, use. Defendants informed their customers of these deceptive packaging practices in electronic and direct communications.

## OVERT ACTS

12. In furtherance of the conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were carried out by at least one co-conspirator in the Western District of Washington and elsewhere:

   a. On or about August 12, 2019, RAJNISH KUMAR JHA exchanged a series of electronic messages with "LaLa" (an undercover identity) that was working on behalf of "Mike", a HSI Special Agent operating in an undercover capacity, for the purpose of negotiating the purchase of vials containing Keytruda/50mg an injectable prescription drug manufactured by Merck & Company, Inc. for late stage cancer.

   b. On or about August 23, 2019, RAJNISH KUMAR JHA shipped or caused to be shipped a package containing the purchased Keytruda/50mg vials using Express Mail Service (EMS) Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED958682713IN) identified the shipping package contents as a "Health Product. Only USA" and referenced a declared value of $160.

   c. On or about December 17, 2019, AVANISH KUMAR JHA sent an email message using a Gmail account to "Bryan" a HSI Special Agent acting in an undercover capacity for the purpose of negotiating the Special Agent's anticipated payment of bulk cash to a money courier to fund future purchases of Keytruda.

   d. On or about January 27, 2020, AVANISH KUMAR JHA facilitated a money drop during which undercover law enforcement personnel purportedly working on behalf "Bryan" delivered $50,000 to a money courier working on behalf of AVANISH KUMAR JHA.

   e. On or about March 14, 2020, AVANISH KUMAR JHA sent an email message to "Bryan" who had negotiated the referenced purchase of four boxes of Keytruda/50mg vials that included the EMS tracking number for the shipping package.

Indictment - 5
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.   On or about January 7, 2020, RAJNISH KUMAR JHA exchanged text messages with "LaLa" for the purpose of negotiating and facilitating "Mike's" anticipated payment of $30,000 USD in bulk cash to a money currier to fund future purchases of Keytruda.

g.   On or about January 17, 2020, AVANISH KUMAR JHA and "Mike" exchanged text messages to facilitate a money drop during which undercover law enforcement personnel purportedly working on behalf of "Mike" delivered $30,000 to a money courier working on behalf of AVANISH KUMAR JHA.

h.   On or about February 6, 2020, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing three boxes of Keytruda/50mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED973936684IN) identified the shipping package contents as a "Health Product Only USA" and referenced a declared value of $60.

i.   On or about January 11, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing two boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518071125IN) identified the shipping package contents as a "Health Product Only USA" and referenced a declared value of $50.

j.   On or about February 4, 2021, "Mike" spoke with AVANISH KUMAR JHA via Facebook Messenger regarding "Mike's" interest in placing a larger order of Keytruda/100mg vials. The discussion included references to additional money drops totaling $100,000 USD to fund the purchases.

k.   On or about February 25, 2021, law enforcement personnel working in an undercover capacity participated in a money drop operation during which bulk cash totaling approximately $50,000 USD was delivered to a money courier previously designated by AVANISH KUMAR JHA.

l.   On or about March 4, 2021, law enforcement personnel working in an undercover capacity participated in a money drop operation during which bulk cash totaling approximately $50,000 USD was delivered to a money courier previously designated by AVANISH KUMAR JHA.

m.   On or about April 9, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to

Indictment - 6
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

be shipped a package containing four boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518144180IN) identified the shipping package contents as "Medicine" and did not reference a declared value.

   n. On or about, April 9, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing four boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518144193IN) identified the shipping package contents as "Medicines" and referenced a declared value of $10.

   o. On or about April 30, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing four boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518143547IN) identified the shipping package contents as "Medicines" and referenced a declared value of $10.

   p. On or about April 30, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing four boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518143618IN) identified the shipping package contents as "Medicines" and did not reference a declared value.

   q. On or about May 20, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing five boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The Customs Declaration affixed to the EMS Speed Post package (EMS ED518142612IN) identified the shipping package contents as "Medicines" and did not reference a declared value.

   r. On or about May 20, 2021, RAJNISH KUMAR JHA exchanged text messages with "LaLa" in which RAJNISH JHA referenced having shipped or caused to be shipped a package containing five boxes of Keytruda/100mg vials using EMS Speed Post from Delhi, India to the United States using the address provided by "LaLa." The

Indictment - 7
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Customs Declaration affixed to the EMS Speed Post package (EMS ED518142609IN) identified the shipping package contents as "Medicines" and did not reference a declared value.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 to 13
### (Introduction of Misbranded Drugs into Interstate Commerce)

13. The factual allegations in paragraphs 1 through 12, including sub-paragraphs, are incorporated by reference herein.

14. On or about the dates identified in the table below, at King County, in the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, with the intent to defraud and mislead, introduced and delivered for introduction, into interstate commerce, drugs which were misbranded within the meaning of Title 21, United States Code, Section 352, in so far as (1) the labeling was false or misleading in any particular, including the ingredients were inconsistent with the authentic product to include the label represented that the drug contained Pembrolizumab, when in fact it did not, the external packaging carton and internal product vials were not authentic to include the label represented that the drug was manufactured by Merck Sharpe Dohme (MSD), when in fact it was not manufactured by MSD, and the printed material included in the packaging was false, and (2) the labeling of the drug lacked adequate directions for its intended use.

| COUNT | SHIPPING DATE [Approx.] | BRAND NAME | CONTENTS | SHIPPING NO. | MISBRAND |
|---|---|---|---|---|---|
| 2 | June 17, 2019 | Cyendiv | 1 box | ED948065212IN | Lacked adequate directions for use |
| 3 | June 17, 2019 | Nublexa | 1 box | ED948065212IN | Lacked adequate directions for use |
| 4 | June 17, 2019 | Votrient | 1 box | ED948065212IN | Lacked adequate directions for use |
| 5 | August 23, 2019 | Keytruda | 50mg/1 box of vials | ED958682713IN | False/Misleading Labeling, Lacked adequate directions for use |

Indictment - 8
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | | | | |
|---|---|---|---|---|---|
| 6 | March 30, 2020 | Keytruda | 50mg/3 boxes of vials | ED973936684IN | False/Misleading Labeling, Lacked adequate directions for use |
| 7 | January 29, 2021 | Keytruda | 100mg/2 boxes of vials | ED518071125IN | False/Misleading Labeling, Lacked adequate directions for use |
| 8 | April 9, 2021 | Keytruda | 100mg/4 boxes of vials | ED518144180IN | False/Misleading Labeling, Lacked adequate directions for use |
| 9 | April 9, 2021 | Keytruda | 100mg/4 boxes of vials | ED518144193IN | False/Misleading Labeling, Lacked adequate directions for use |
| 10 | April 30, 2021 | Keytruda | 100mg/4 boxes of vials | ED518143547IN | False/Misleading Labeling, Lacked adequate directions for use |
| 11 | April 30, 2021 | Keytruda | 100mg/4 boxes of vials | ED518143618IN | False/Misleading Labeling, Lacked adequate directions for use |
| 12 | May 20, 2021 | Keytruda | 100mg/5 boxes of vials | ED518142609IN | False/Misleading Labeling, Lacked adequate directions for use |
| 13 | May 20, 2021 | Keytruda | 100mg/5 boxes of vials | ED518142612IN | False/Misleading Labeling, Lacked adequate directions for use |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNTS 14 to 16
### (Introduction of Adulterated Drugs into Interstate Commerce)

15.     The factual allegations in paragraphs 1 through 12, including sub-paragraphs, are incorporated by reference herein.

16.     On or about the dates identified below, at King County, in the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, with the intent to defraud and mislead, introduced and delivered for introduction, into interstate commerce, drugs which were adulterated as defined in 21 U.S.C. § 351(a)(2)(A), in that it had been prepared, packed, or held under insanitary conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health, and as defined in 21 U.S.C. § 351(d), in that

Indictment - 9
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substances had been mixed or packed therewith so as to reduce the drug's quality and strength, and active pharmaceutical ingredients it was represented as containing had been substituted wholly or in part therefore:

| COUNT | SHIPMENT DATE [Approx.] | BRAND NAME | ADULTERATION | SHIPPING NO. |
|---|---|---|---|---|
| 14 | August 23, 2019 | Keytruda | No Active Pharmaceutical Ingredient/Pembrolizumab | ED958682713IN |
| 15 | March 30, 2020 | Keytruda | No Active Pharmaceutical Ingredient/Pembrolizumab | ED973936684IN |
| 16 | January 29, 2021 | Keytruda | Presence of Foreign Substances/Cordycipitaceae (fungus) | ED518071125IN |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNTS 17 to 25
### (Sale of Counterfeit Drugs)

17. The factual allegations in paragraphs 1 through 12, including sub-paragraphs, are incorporated by reference herein.

18. On or about the dates listed below, at King County, in the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, with the intent to defraud and mislead, sold, held for sale, and caused the sale of certain articles of drugs, namely the drugs identified below, which were counterfeit drugs within the meaning of Title 21, United States Code, Section 321(g)(2).

| COUNT | SALE DATE [Approx.] | PURPORTED MANUFACTURER/PRODUCT | SHIPPING NO. | BASIS |
|---|---|---|---|---|
| 17 | August 23, 2019 | Merck/Keytruda 50mg | ED958682713IN | -Product lacked presence of active ingredient<br><br>-Product did not originate from licensed manufacturer |
| 18 | March 30, 2020 | Merck/Keytruda 50mg | ED973936684IN | -Product lacked presence of active ingredient |

Indictment - 10
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | | | |
|---|---|---|---|---|
| | | | | - Product did not originate from licensed manufacturer |
| 19 | January 29, 2021 | Merck/Keytruda 100mg | ED518071125IN | -Product contained foreign bodies not associated with authentic product<br><br>- Product did not originate from licensed manufacturer |
| 20 | April 9, 2021 | Merck/Keytruda 100mg | ED518144180IN | - Product contained ingredient exhibiting chemical pattern inconsistent with authentic product<br><br>- Product did not originate from licensed manufacturer |
| 21 | April 9, 2021 | Merck/Keytruda 100mg | ED518144193IN | -Product contained ingredient exhibiting chemical pattern inconsistent with authentic product<br><br>- Product did not originate from licensed manufacturer |
| 22 | April 30, 2021 | Merck/Keytruda 100mg | ED518143547IN | -Product contained ingredient exhibiting chemical pattern inconsistent with authentic product<br><br>- Product did not originate from licensed manufacturer |
| 23 | April 30, 2021 | Merck/Keytruda 100mg | ED518143618IN | -Product contained ingredient exhibiting chemical pattern inconsistent with authentic product |

Indictment - 11
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | | | |
|---|---|---|---|---|
| | | | | - Product did not originate from licensed manufacturer |
| 24 | May 20, 2021 | Merck/Keytruda 100mg | ED518142609IN | -Product contained ingredient exhibiting chemical pattern inconsistent with authentic product<br><br>- Product did not originate from licensed manufacturer |
| 25 | May 20, 2021 | Merck/Keytruda 100mg | ED518142612IN | -Product contained ingredient exhibiting chemical pattern inconsistent with authentic product<br><br>- Product did not originate from licensed manufacturer |

All in violation of Title 21, United States Code, Sections 331(i)(3) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNTS 26 to 34
### (Unlicensed Wholesaling of Prescription Drugs)

19. The factual allegations in paragraphs 1- 12, including sub-paragraphs, are incorporated by reference herein.

20. On or about the dates identified in the table below, at King County, within the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, knowingly engaged in the unlicensed wholesale distribution of the identified prescription drugs in interstate commerce.

| COUNT | SHIPPING DATE [Approx.] | BRAND NAME | SHIPPING NO. |
|---|---|---|---|
| 26 | August 30, 2019 | Keytruda 50mg | ED958682713IN |
| 27 | March 30, 2020 | Keytruda 50 mg | ED973936684IN |
| 28 | January 29, 2021 | Keytruda, 100mg | ED518071125IN |

Indictment - 12
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| 29 | April 9, 2021 | Keytruda, 100mg | ED518144180IN |
| 30 | April 9, 2021 | Keytruda, 100mg | ED518144193IN |
| 31 | April 30, 2021 | Keytruda, in | ED518143547IN |
| 32 | April 30, 2021 | Keytruda, 100mg | ED518143618IN |
| 33 | May 20, 2021 | Keytruda, 100mg | ED518142609IN |
| 34 | May 20, 2021 | Keytruda, 100mg | ED518142612IN |

All in violation of Title 21, United States Code, Sections 331(t), and 353(e)(1)(A), 333(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNTS 35 to 46
## (Smuggling)

21. The factual allegations in paragraphs 1- 12, 14, 16, and 18, including sub-paragraphs, are incorporated by reference herein.

22. On or about the dates identified in the table below, at King County, in the Western District of Washington, and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA fraudulently and knowingly imported and brought, and caused others to import and bring, into the United States merchandise contrary to law, namely, misbranded and adulterated prescription drugs and prescription drugs bearing counterfeit marks on and in connection with such goods, in violation of Title 18, United States Code, Section 2320(a)(4), and Title 21, United States Code, Section 331(a).

| COUNT | SHIPPING DATE [Approx.] | MERCHANDISE | SHIPPING NO. | BASIS |
|---|---|---|---|---|
| 35 | June 17, 2019 | Cyendiv | ED948065212IN | Misbranded |
| 36 | June 17, 2019 | Nublexa | ED948065212IN | Misbranded |
| 37 | June 17, 2019 | Votrient | ED948065212IN | Misbranded |
| 38 | August 23, 2019 | Keytruda | ED958682713IN | Misbranded Adulterated Counterfeit Drugs Counterfeit Marks |
| 39 | March 30, 2020 | Keytruda | ED973936684IN | Misbranded Adulterated |

Indictment - 13
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|    | Date | Drug | Tracking Number | Violation |
|----|------|------|-----------------|-----------|
|    |      |      |                 | Counterfeit Drugs Counterfeit Mark |
| 40 | January 29, 2021 | Keytruda | ED518071125IN | Misbranded Adulterated Counterfeit Drugs Counterfeit Mark |
| 41 | April 9, 2021 | Keytruda | ED518144180IN | Misbranded Counterfeit Drugs Counterfeit Mark |
| 42 | April 9, 2021 | Keytruda | ED518144193IN | Misbranded Counterfeit Drugs Counterfeit Mark |
| 43 | April 30, 2021 | Keytruda | ED518143547IN | Misbranded Counterfeit Drugs Counterfeit Mark |
| 44 | April 30, 2021 | Keytruda | ED518143618IN | Misbranded Counterfeit Drugs Counterfeit Mark |
| 45 | May 20, 2021 | Keytruda | ED518142609IN | Misbranded Counterfeit Drugs Counterfeit Mark |
| 46 | May 20, 2021 | Keytruda | ED518142612IN | Misbranded Counterfeit Drugs Counterfeit Mark |

All in violation of Title 18, United States Code, Sections 545 and 2.

## COUNTS 47 to 55
### (Trafficking in Counterfeit Goods)

23. The factual allegations in paragraphs 1 through 12, including sub-paragraphs, are incorporated by reference herein.

24. On or about the dates identified in the table below, at King County, in the Western District of Washington and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, and others known and unknown to the grand jury, intentionally trafficked and attempted to traffic, and caused others to intentionally traffic and attempt to traffic, in counterfeit drugs and knowingly used counterfeit marks on and

Indictment - 14
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in connection with such drugs, that is, the trademarks used to identify the prescription drug product "Keytruda" marketed by Merck Pharmaceuticals, which counterfeit marks were identical with, and substantially indistinguishable from, the genuine marks in use and registered for that drug on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, cause mistake, and deceive.

| COUNT | SHIPPING DATE [APPROX.] | BRAND NAME | CONTENTS | SHIPPING NO. |
|---|---|---|---|---|
| 47 | August 23, 2019 | Keytruda | 50mg/1 box of vials | ED958682713IN |
| 48 | February 6, 2020 | Keytruda | 50mg/3 boxes of vials | ED973936684IN |
| 49 | January 11, 2021 | Keytruda | 100mg/2 boxes of vials | ED518071125IN |
| 50 | April 9, 2021 | Keytruda | 100mg/4 boxes of vials | ED518144180IN |
| 51 | April 9, 2021 | Keytruda | 100mg/4 boxes of vials | ED518144193IN |
| 52 | April 30, 2021 | Keytruda | 100mg/4 boxes of vials | ED518143547IN |
| 53 | April 30, 2021 | Keytruda | 100mg/4 boxes of vials | ED518143618IN |
| 54 | May 20, 2021 | Keytruda | 100mg/5 boxes of vials | ED518142609IN |
| 55 | May 20, 2021 | Keytruda | 100mg/5 boxes of vials | ED518142612IN |

All in violation of Title 18, United States Code, Sections 2320(a)(4) and 2.

## COUNT 56
### (Money Laundering Conspiracy)

25.     The factual allegations in paragraphs 1 through 12, including sub-paragraphs, are incorporated by reference herein.

26.     From no later than in or about August 2019 and continuing through in or about November 2021, at King County, in the Western District of Washington and elsewhere, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA, knowingly combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of

Indictment - 15
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Title 18, United States Code, Section 1956, specifically to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to or through a place outside the United States intending to promote the carrying out of specified unlawful activity, namely smuggling prescription drugs into the United States in violation of Title 18, United States Code, Section 545, and trafficking in counterfeit goods or services in violation of Title 18, United States Code, Section 2320(a)(4).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

The allegations in Counts 1 through 56 are realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of one or more of the offenses charged in Count 1, with the intent of violating Title 21, United States Code, Sections 331 and 333, and Counts 2 through 34 of the Indictment, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334, by way of Title 28, United States Code, Section 2461(c), any and all adulterated or misbranded drugs introduced by Defendants into interstate commerce, and any counterfeit drugs.

Upon conviction of any of the offenses alleged in Count 1, with the intent of violating Title 18, United States Code, Section 545, and Counts 35 through 46 of the Indictment, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or traceable to proceeds of such offense; pursuant to Title 18, United States Code, Section 545, any merchandise introduced into the United States in connection with such offense, or the value thereof; and, pursuant to Title 19, United States Code, Section 1703, by way of Title 28, United States Code, Section 2461(c), any vessels used to facilitate such offense. Such property includes, but is not

Indictment - 16
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

limited to, a sum of money representing the gross proceeds each Defendant obtained as a result of such offense.

Upon conviction of any of the offenses alleged in Count 1, with the intent of violating Title 18, United States Code, Section 2320, and Counts 47 through 55 of the Indictment, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2323, any property constituting or traceable to proceeds of such offense, any property used to facilitate the commission of such offense, and any merchandise introduced into the United States in violation of such offense. Such property includes, but is not limited to:

a. a sum of money representing the gross proceeds each Defendant obtained as a result of such offense; and

b. any domain names used to facilitate the commission of such offense.

Upon conviction of the offense alleged in Count 56 of the Indictment, Defendants AVANISH KUMAR JHA and RAJNISH KUMAR JHA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property involved in such offense, and any property traceable to such property. Such property includes, but is not limited to, a sum of money representing the property involved in such offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with a third party;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be divided without difficulty;

Indictment - 17
United States v. Avanish Kumar Jha & Rajnish Kumar Jha
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the Defendant up to the value of the above-described forfeitable property.

A TRUE BILL:

DATED: 4/13/2022

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

_____
FOREPERSON

_____
NICHOLAS W. BROWN
United States Attorney

_____
ANDREW FRIEDMAN
Assistant United States Attorney

_____
JAMES D. OESTERLE
Assistant United States Attorney

Indictment - 18
*United States v. Avanish Kumar Jha & Rajnish Kumar Jha*
USAO# 2019R00945

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970