**Senior District Judge Ricardo S. Martinez**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 22-cr-49-RSM |
| Plaintiff, | |
| vs. | REPLY ON JOINT DEFENSE MOTION TO WAIVE PSR AND ACCELERATE SENTENCING |
| AVANISH KUMAR JHA and RAJNISH KUMAR JHA, | |
| Defendants | NOTE ON MOTION DOCKET: JUNE 18, 2025 |

## I.    INTRODUCTION

Avanish and Rajnish Jha spent nearly two years in isolation in a Singaporean jail, sleeping on thin mattresses on the floor. Their jailers allowed them four letters per month and just two phone calls to speak to their families during the entire 22 months there.

In February of this year, they came to the United States to face this indictment, quickly learning as much as they could about this foreign legal system and negotiating a reasonable plea agreement so that they take responsibility for their conduct, be sentenced and lay eyes on their families for the first time since April of 2023.

Under the current circumstances, further delay of sentencing is unnecessary. While the government's quick opposition response is appreciated because it that enables the court to rule on this motion faster, the opposition fails to identify any specific information lacking in the

*Sean Gillespie*
*Carney Gillespie PLLP*
*600 1st Ave, Seattle, WA, 98104*
*206-445-0220*
*sean.gillespie@carneygillespie.com*

record – or that is unknown to the government -- that would prevent the court from meaningfully exercising its sentencing authority here.

## II.   ARGUMENT

As the government notes in its opposition, the investigation of Avanish and Rajnish Jha was years-long before they were indicted in April, 2022. Pharma industry private investigators began the investigation in 2018, and government agents assumed the case by 2019. The defendants were arrested April, 2023, a full year after their indictment was filed.

In the context of a case seven years old, it simply is unreasonable to think that the next three months make the difference in the court's ability to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. Particularly here, where all parties are familiar with the case and have largely agreed upon the applicable Guidelines, defense counsel will present the Court with information about their clients' history and characteristics. Those three months for the defendants, however, would make a tremendous difference to two men who have not seen their home country or young families in over two years, much of which was served as hard time in Singapore.

The defendants were brought to the United States in government custody to face these charges, and they expect to be deported back to India immediately after their release. In that vein, the guidelines advise that the court "ordinarily should not impose" supervised release in cases where deportation is likely. U.S.S.G §5D1.1(c). Assuming that, there will be no probation-supervised rehabilitation of the defendants, no counseling needs to explore, no educational services used to assimilate them back to the community. They will be shipped summarily to their homes some 12 time zones away.

The government's opposition to this motion rests largely on hypothesis that probation will develop critical information about the case or the defendants that the parties do not already

*Sean Gillespie*
*Carney Gillespie PLLP*
*600 1st Ave, Seattle, WA, 98104*
*206-445-0220*
*sean.gillespie@carneygillespie.com*

have. For example, the government implies that there could be evidence that the defendants have a criminal history, but it has not provided any such evidence in discovery, nor was any identified by probation in the pretrial services reports. Likewise, the government speculates that the court might make guideline calculations different from the those in the plea agreement but does not offer any specific such possibilities beyond a fine. Still, the government does not suggest any information that would be available to the court only if sentencing were delayed.

The defense does not deny that additional sources of information are theoretically possible or that the court might diverge from the parties' recommendations, just that they are not likely outcomes that make a fuller record essential to a meaningful exercise of the court's sentencing authority based on what the parties already know about the case. The defendants acknowledge that the upper limit of government's recommendation is dependent on the court's ultimate ruling on the applicable guidelines provisions, but the defendants are also unaware of what other provisions might arguably apply. The government was thorough in pursuing the agreements that resulted in these guilty pleas, and it did not specify any additional provisions in its opposition to this motion.

Certainly, a full presentence investigation is generally the best approach to criminal sentencing. It is almost always worth the time, either because the defendant is out of custody and suffers less from the prolonged procedure or because a term of continued custody is a virtual certainty, likewise lessening the impact of the continued status quo. In either event, everyone usually benefits from the preparation of a presentence report, but this is one of the rare cases in which sooner is better because the harm of delay outweighs the typical benefits of conventional sentencing procedure.

In short, the government advocates that the court spend additional time reviewing information that does not likely exist and that would likely only lead to needless additional

*Sean Gillespie*
*Carney Gillespie PLLP*
*600 1st Ave, Seattle, WA, 98101*
*206-445-0220*
*sean.gillespie@carneygillespie.com*

months in custody in a foreign country two oceans away from the families they have not seen in more than two years.

### III. <u>CONCLUSION</u>

For the above reasons, the court should reject the government's opposition and grant the defendants' motion to waive the presentence investigation and accelerate their sentencing date.

<u>DATE: June 10, 2025</u>

Respectfully submitted,

<u>      s/Sean Gillespie     </u>
SEAN GILLESPIE
TIM RUSK
Attorneys for RAJNISH JHA

<u>      s/Sara Brin       </u>
SARA BRIN
Attorney for AVANISH JHA

*We certify that this memorandum contains 826 words, complying with the Local Criminal Rules.*

*Sean Gillespie*
*Carney Gillespie PLLP*
*600 1st Ave, Seattle, WA, 98104*
*206-445-0220*
*sean.gillespie@carneygillespie.com*